IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EARL JEROME LEE, JR., | ) |
| Plaintiff, | ) |
| VS. | ) No. 15-1199-JDT-cgc |
| CITY OF JACKSON, ET AL., | ) |
| Defendants. | ) |

ORDER DENYING PENDING MOTIONS

The *pro se* prisoner Plaintiff, Earl Jerome Lee, Jr., filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court dismissed the complaint on August 4, 2016, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). (EC No. 13.) Judgment was entered on August 5, 2016. (ECF No. 14.) On September 9, 2016, the Clerk received and filed Plaintiff's "Motion to File Trust Fund Affidavit" (ECF No. 15) and a motion to alter or amend the judgment (ECF No. 16). On November 23, 2016, he filed a motion asking about the status of his appeal to the Sixth Circuit. (ECF No. 17.)

Notwithstanding Plaintiff's motion requesting the status of his appeal, no notice of appeal has ever been filed in this case. Neither Plaintiff's motion to file a trust fund affidavit nor his motion to alter or amend the judgment stated any intent to file an appeal. Therefore, the motion to file a trust fund affidavit and the motion for status of the appeal are DENIED.

The Court construes Plaintiff's motion to alter or amend the judgment as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud . . . , misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)    any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

---

[1] A motion to alter or amend the judgment under Rule 59(e) must be filed within 28 days after entry of judgment. Thus, Plaintiff's motion must have been placed in the prison mail system on or before September 2, 2016. However, the certificate of service on the document indicates that it was not mailed until September 4, 2016. (ECF No. 16 at 4.)

2

The Court has considered Plaintiff's arguments and find nothing in his motion for relief from judgment that justifies granting relief. Therefore, the motion for relief from judgment is also DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE